736 S.E.2d 270

**In the Matter of Jeffery Glenn SMITH, Respondent.**

**Appellate Case No. 2012–213399.**

**No. 27204.**

Supreme Court of South Carolina.

Submitted Dec. 19, 2012.

Decided Dec. 28, 2012.

Lesley M. Coggiola, Disciplinary Counsel, Ericka M. Williams, Assistant Disciplinary Counsel, of Columbia, for Office of Disciplinary Counsel.

Michael A. Uricchio of Michael A. Uricchio Law Firm of North Charleston, for respondent.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an

Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of a definite suspension not to exceed twelve (12) months. He requests that any sanction be made retroactive to January 13, 2012, the date of his interim suspension. *In the Matter of Smith*, 396 S.C. 289, 721 S.E.2d 429 (2012). Respondent further agrees to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission) within thirty (30) days of the date of imposition of sanction and to complete the Legal Ethics and Practice Program Ethics School prior to seeking reinstatement. In addition, respondent agrees to continue treatment for depression and substance abuse for a period of two (2) years following the imposition of a sanction and to provide quarterly treatment reports from his treatment professional(s) to the Commission for the two (2) year period. We accept the Agreement and suspend respondent from the practice of law in this state for twelve (12) months, retroactive to the date of his interim suspension. Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission within thirty (30) days of the date of this opinion and shall complete the Legal Ethics and Practice Program Ethics School prior to seeking reinstatement. For a period of two (2) years, respondent shall continue treatment for depression and substance abuse and provide quarterly reports of his treatment from his treatment professional(s) to the Commission for the two (2) year period. The facts, as set forth in the Agreement, are as follows.

## Facts

### Matter I

In April 2011, respondent was retained to represent Complainant A in a domestic matter. Respondent agreed to mail a divorce consent agreement to the opposing party on behalf of his client. Respondent failed to act diligently in sending the agreement as promised.

When respondent finally emailed the document to the opposing party, the agreement had several errors, including the incorrect date of the marriage, the incorrect date of birth for Complainant A's daughter, incorrect information regarding marital debts, and information that had nothing to do with Complainant A's case. Complainant A met with respondent and went through the agreement line by line, correcting the errors. Respondent later emailed the opposing party an agreement, but it was not the corrected agreement. The agreement named children that did not belong to Complainant A and contained incorrect dates of birth.

Respondent failed to respond to Complainant A's numerous telephone calls, faxes, and text messages regarding the errors. Complainant A sent respondent a certified letter requesting a refund. Respondent failed to respond to Complainant A or to Complainant A's new attorney regarding the refund request and did not return the order substituting counsel as requested by the new attorney.

### Matter II

In June 2011, respondent was retained to represent Complainant B to file a complaint for separate maintenance and support. Respondent failed to diligently represent Complainant B, failed to file the complaint on Complainant B's behalf, and failed to keep Complainant B reasonably informed about the status of the case. Further, respondent failed to adequately communicate with Complainant B or respond to her numerous telephone calls and emails. Respondent abandoned his law practice without notifying Complainant B or taking steps to protect Complainant B's interests.

### Matter III

In March 2011, respondent was retained to represent Complainant C in a domestic matter. Respondent informed Complainant C that her divorce case would take approximately four to five months. Respondent failed to keep Complainant C reasonably informed about the status of her case and failed to adequately communicate with Complainant C or to respond to her numerous telephone calls and letters. Respondent abandoned his law practice without notifying Complainant C or taking steps to protect Complainant C's interests.

## *Matter IV*

Complainant D retained respondent in June 2011 and paid respondent a retainer fee of $1,500.00. Complainant D has not been able to reach respondent since the date he was retained. Respondent abandoned his law practice without notifying Complainant D or taking steps to protect Complainant D's interests.

## *Matter V*

In October 2010, Complainant E retained respondent for the purposes of an uncontested divorce. The final hearing was held on May 25, 2011, and Complainant E was granted a divorce.

Respondent failed to file the necessary paperwork in the case to finalize the divorce and failed to adequately communicate with Complainant E regarding the status of the case. Respondent abandoned his law practice without notifying Complainant E or taking steps to protect Complainant E's interests.

In each of the above matters, respondent failed to withdraw from representation of his clients when his physical and/or mental condition materially impaired his ability to represent the clients

## *Matter VI*

Respondent failed to cooperate with ODC's investigation into the allegations of misconduct. In particular, respondent failed to respond to the Notices of Investigation issued in Matters I, II, III, and IV. Further, he failed to comply with a subpoena for documents and failed to appear to respond to questions under oath.

## *Law*

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to client); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.4 (lawyer shall keep client reasonably informed about the status of the matter and promptly comply with reasonable

requests for information); Rule 1.16 (lawyer shall not represent client or, where representation has commenced, shall withdraw from representation of client if lawyer's physical or mental condition materially impairs lawyer's ability to represent client); Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with the interests of client); and Rule 8.1 (in connection with a disciplinary matter, lawyer shall not knowingly fail to respond to lawful demand for information from disciplinary authority).[1]

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

### Conclusion

We accept the Agreement for Discipline by Consent and suspend respondent from the practice of law for twelve (12) months, retroactive to January 13, 2012, the date of his interim suspension. *Id.* Within thirty (30) days of the date of this opinion, respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission. Further, respondent shall complete the Legal Ethics and Practice Program Ethics School prior to seeking reinstatement. Finally, for the next two (2) years, respondent shall continue treatment for depression and substance abuse, and shall provide quarterly treatment reports from his professional(s) to the Commission.

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

---

1. The Agreement provides that respondent violated certain enumerated provisions of the Rules of Professional Conduct and, further, any other provisions as determined by the Commission or Court. The investigative panel of the Commission specifically found respondent violated Rule 8.1 and the Court agrees.